UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6047-CR-ZLOCH

MAGISTRATE JUDGE SELTZER

UNITED STATES OF AMERICA,      :

    Plaintiff,                   :

v.                                              :

JAMES BOOKER, et al.,          :

    Defendant.                   :
_____/

**DEFENDANT BOOKER'S MOTION TO COMPEL
COMPLIANCE WITH THE PARAGRAPHS D AND E
OF THE STANDING DISCOVERY ORDER**

The Defendant, James Booker, through his undersigned attorney, respectfully requests that this Court compel the government to immediately comply with paragraphs D and E of the Standing Discovery Order, and in support thereof, Mr. Booker states:

1. On March 20, 2000, the government filed a motion to defer compliance with paragraphs D and E of the Standing Discovery Order until five days before trial.

2. Paragraph D of the Standing Discovery Order directs the government to disclose the existence of preferential treatment or other inducements made to prospective government witnesses within the scope of United States v. Giglio, 405 U.S. 150 (1972) and United States v. Napue, 360 U.S. 264 (1959).



3.      Paragraph E of the Standing Discovery Order directs the government to supply the defendants with a record of prior convictions of any alleged informant who will testify for the government at trial.

4.      The government's asserted reason for deferring compliance with paragraphs E and D of the Standing Discovery Order is fear of retaliation against key government witnesses.

5.      Mr. Booker opposes the government's motion to defer compliance with paragraphs D and E and respectfully requests this Court to order the government to immediately comply with each directive contained in the Standing Discovery Order.

## Argument and Memorandum of Law

The government asserted fear of retaliation by Mr. Booker is premised upon comments allegedly made by Mr. Booker to convicted drug trafficker and government witness, Cecil McCleod. in 1997. The government characterizes these comments as an indication of Mr. Booker's propensity for violence. The government's position is at best overly cautious, and at worst, an attempt to gain an unfair tactical advantage by denying Mr. Booker his constitutional right to timely receive impeachment materials.

Mr. Booker has virtually no criminal history and the government has produced no evidence that Mr. Booker has ever actually committed any violent acts. Nor has the government produced any evidence that Mr. Booker has ever possessed any weapons. More to the point, Mr. Booker is incarcerated and therefore, poses no threat to any prospective government witness.

In addition, Mr. Booker does not have the financial resources to pay anyone to carry out any violent acts on his behalf. At the pretrial detention hearing, it was established that Mr. Booker lived a very modest lifestyle. The government was unable to present any evidence explaining the

whereabouts or use of any proceeds that Mr. Booker received from his alleged drug smuggling activities.

Although, Mr. Booker was denied bond because United States Magistrate Judge Snow found he was a danger to the community, this finding was made with some reluctance on the part of Judge Snow. Indeed, Judge Snow invited counsel to reargue this issue upon counsel's review of all the tapes in this case.

The statements upon which the government rely do not support the granting of the government's extreme request. The statements were made nearly two years ago and Mr. Booker has not threatened or harmed anyone since the statements were made. Moreover, the context in which statements were made is ambiguous. Mr. Booker may have merely been trying to impress Mr. McCleod with "big talk".

The governments cites <u>United States v. Aiken</u>, F.Supp. 2d (S.D.Fla. 1999) in support of its request. However, the facts of <u>Aiken</u> are distinguishable from the facts at bar. In <u>Aiken</u>, the defendants were charged with car jacking, conspiracy to commit murder and other crimes involving the use of firearms. <u>Id.</u> at 1340-41. Accordingly, the court in <u>Aiken</u> found that the government had satisfied its burden that a **real** danger of retaliation against witnesses existed. (Emphasis supplied).

In contrast to the facts of <u>Aiken</u>, Mr. Booker is not charged with committing any violent offenses and the government is basing its fear of retaliation on one phone call that occurred nearly two years ago. Therefore, the government has failed to satisfy its burden that a real danger of retaliation against witnesses exist in this case.

On the other hand, the evidence the government seeks to withhold from the defense goes to the heart of the defendant's constitutional rights, including his right to present a defense, his right

3

to confront and cross examine witnesses against him, his right to effective assistance of counsel, and his Due Process rights to a fair trial, all as protected by the Fifth and Sixth Amendments to the United States Constitution. The Supreme Court has stated that impeachment evidence is so important that "if disclosed and used effectively, it may make the difference between conviction and acquittal." United States v. Bagley, 473 U.S. 667, 676, 105 S.Ct. 3375, 3380 (1985).

Contrary to the government's contentions, impeachment evidence must be provided as soon as they become known. See Bagley. Id. (This court has rejected any distinction between impeachment and exculpatory evidence.); United States v. Lonzo, 793 F.Supp. 57, 60 (N.D.N.Y. 1992)(noting that impeachment material should be provided to the defendant as soon as it becomes known).

Accordingly, Mr. Booker's right to receive the impeachment material outweighs the government's asserted fear of witness retaliation and the government's motion should be denied.

WHEREFORE, the defendant respectfully requests that the Court deny the government's motion and direct the government to immediately comply with the Standing Discovery Order.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: /s/ Daryl E. Wilcox
Daryl E. Wilcox
Assistant Federal Public Defender
Florida Bar No. 838845
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436
(954) 356-7556 (fax)

4

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this 3rd day of April, 2000 to:

Michael Dittoe, Esquire
United States Attorney's Office
299 E. Broward Blvd.
Fort Lauderdale, Florida 33301

Joel D. Robrish, Esquire
9100 South Dadeland Blvd.
Suite 400
Miami, Florida 33156

Scott Sakin, Esquire
1411 N.W. North River Drive
Miami, Florida 33125

Harold Keef, Esquire
19220 Oakmont Drive
Hialeah, Florida 33015

Philip Horowitz, Esquire
12651 South Dixie Hwy.
Suite 328
Miami, Florida 33156

Ruben Garcia, Esquire
1209 S.E. 3rd Avenue
Fort Lauderdale, Florida 33316


Daryl E. Wilcox

S:\WILCOX\booker\compel