UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

NIGHT BOX
FILED

APR 2 6 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CASE NO. 00-6047-CR-ZLOCH |
| ) | |
| v. ) | Magistrate Judge Seltzer |
| ) | |
| JAMES BOOKER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### DEFENDANT BOOKER'S RESPONSE TO THE GOVERNMENT'S APPEAL FROM MAGISTRATE JUDGE SELTZER'S ORDER DENYING GOVERNMENT'S MOTION FOR PROTECTIVE ORDER

**THE DEFENDANT**, JAMES BOOKER, by and through undersigned counsel respectfully files this his Response to the Government's Appeal from Magistrate Judge Seltzer's Order denying Government's Motion for Protective Order to fully comply with paragraphs (d) and (e) of the standing discovery Order.

I.   **INTRODUCTION**

The Government filed a Protective Order to defer compliance with the standard discovery order so as not to release the identity, background, preferential treatment, leniency or other inducements made to those government witnesses. The Government's case as to Defendant Booker consists entirely of these so-called witnesses and several tape-recorded phone conversations, some of which are unintelligible. The Government's case seeks to withhold from Defendant Booker the evidence which would allow him to effectively cross-examine those witnesses against him and investigate those witnesses against him in order to present a defense to these charges. The right to

ADORNO & ZEDER, P.A.
2601 SOUTH BAYSHORE DRIVE • SUITE 1600 • MIAMI, FLORIDA 33133 • TELEPHONE (305)858-5555 • TELEFAX 858-4777



cross-examine witnesses against him is the essence of his right to a fair trial.

On April 10, 2000, Magistrate Judge Seltzer held the hearing on the Government's Motion for Protective Order to defer compliance with paragraphs (d) and (e) of the standing discovery order. At that hearing, and in its Motion the Government argues the identical facts that it now argues to this Court.

## II.   FACTS

The Government's main argument is that Booker allegedly in a taped phone conversation with co-defendant McCloud three years ago stated "I could have taken everybody out". This was also the Government's main argument in the hearing before Magistrate Judge Seltzer.

The Government also argued to both Magistrate Judge Seltzer and, now to this Court, in its brief that a witness, who is unknown to the defense, believes there may be violence taken against him as retaliation. There has been no showing to either Magistrate Judge Seltzer or in the brief to this Court that there is any reasonableness or basis for that statement.

## III.   LEGAL ARGUMENT

The Government cites in its legal argument as it did before Magistrate Judge Seltzer United States v. Aiken, 76 F. Supp. 2d 1339 (S.D. Fla 1999) in support of its request to defer compliance with paragraphs (d) and (e) of the standing discovery order. However, the Government does not inform this Court about the facts of Aiken and how they are distinguishable from the facts of this case. In Aiken, those defendants were charged with crimes that were punishable by death under federal law, including conspiracy to commit murder, car jacking and use of firearms. In that case, the Court found that the Government showed a real danger of harm to witnesses based upon the defendant's actions in those cases. In this case, this Court must look at the facts. Defendant Booker has virtually no criminal history and the Government at the hearing before Magistrate Judge Seltzer

produced no evidence that Booker has ever actually committed any prior crimes, let alone any crimes of violence. The Government was asked specifically by Magistrate Judge Seltzer if there was any evidence that defendant Booker ever possessed any weapons. The Government's response to Magistrate Judge Seltzer was they had no evidence that Booker possessed any type of weapons. The Government also admitted at the April 10 hearing that they could not show any acts of violence Mr. Booker had ever done.

The Government also argues to this Court, as it did to Magistrate Judge Seltzer, that they showed a specific stated intent by Booker to retaliate against rival drug dealers. This alleged intent is the Government's twist on tape recorded telephone conversations allegedly between Defendant Booker and co-defendant McCloud.

This Court must be aware that Magistrate Judge Seltzer found the following:

(A)   The tape recorded telephone conversations that occurred three (3) years ago are remote in time to this indictment in this case.

(B)   Defendant Booker has no prior criminal record.

(C)   There were no facts or evidence presented that Defendant Booker ever has possessed any type of weapon.

(D)   There was no evidence that defendant Booker ever committed any acts of violence.

(E)   There is no evidence of any real danger of retaliation against any government witnesses or their families.

(F)   The Government's case is going to rely heavily on the witnesses which it seeks to defer compliance on.

## IV. CONCLUSION

The Government asks this Court to reverse an order of Magistrate Judge Seltzer where the government has provided nothing new to this Court other than to ask for review based upon the discretion of Magistrate Judge Seltzer. Magistrate Judge Seltzer reviewed the evidence in this case, had a full hearing and found that the remoteness of time of the tape recorded phone conversations and the lack of any violence on behalf of the defendant was enough to deny the Government's motion. To provide this information five (5) days prior to trial does not give the defendants sufficient time to properly investigate the witnesses, who are for the most part, the Government's entire case, and may force counsel for the defendants to ask for a continuance of the matter. This Court must also take into account that there are five (5) other defendants in this matter. At least four (4) of those defendants are not included in any way, shape or form in the Government's motions or its brief to this Court. There has been no showing by the Government that any witness is allegedly in fear of any other defendant.

**WHEREFORE**, for the above stated reasons defendant Booker moves this honorable Court to affirm Magistrate Judge Seltzer's order and order compliance with sections (d) and (e) of the standing discovery order immediately.

Respectfully submitted,
ADORNO & ZEDER, P.A.

_____
Gary I. Rosenberg
Florida Bar No.: 348996
2601 S. Bayshore Drive
Suite 1600
Miami, FL 33133
Tel : (305) 858-5555

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was faxed/mailed/hand delivered this ___ day of April, 2000, upon:

**Michael Dittoe**
Assistant United States Attorney
500 East Broward Boulevard
Suite 700
Fort Lauderdale, Florida 33394-3002

**Scott Sakin, Esquire**
1411 Northwest N. River Drive
Miami, Florida 33125
For defendant Dixon

**Philip Horowitz, Esquire**
12651 S. Dixie Highway
Suite 328
Miami, Florida 33156

**Joel D. Robrish, Esquire**
One Datran Center
Suite 400
9100 S. Dadeland Boulevard
Miami, Florida 33156
For defendant Knight

**Harold Keefe, Esquire**
19220 Oakmont Drive
Hialeah, Florida 33015
For defendant Boks

**Ruben Garcia, Esquire**
209 S.E. 3rd Avenue
Fort Lauderdale, Florida 33316

Gary I. Rosenberg