UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



01 MAY 31 AM 10: 53

UNITED STATES OF AMERICA,    CASE No. 00-6047-CR-HUCK

Plaintiff,    MAGISTRATE JUDGE BROWN

v.

JAMES BOOKER,

Defendant.
_____/

## MOTION IN LIMINE

COMES NOW, the Defendant JAMES BOOKER, by and through undersigned counsel, and files this his Motion in Limine with respect to other act evidence, Rule 404(b) Federal Rules of Evidence and states as follows:

In the Government's response to the standing discovery order, Paragraph H, the Government states:

> "In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents. Specifically, the government will introduce evidence that defendant James Booker was involved in other importations not charged as substantive acts but which were part of the conspiracy. We provide this notice out of an abundance of caution and consider the below listed conduct as part of the conspiracy. These loads include but are not limited to the following: approximately 200 kilograms of cocaine imported on or about July 29, 1997; approximately 100 kilograms of cocaine imported on or about October 16, 1997. Booker was also involved in importing large marijuana loads through the Port of Miami. Sean Dixon was involved in other narcotics loads including the importation of approximately 100 kilograms of cocaine on or about October 16, 1997. Further please find enclosed various records related to the arrest of Jarrod Knight in Georgia. It is the government's position that the facts underlying the arrest relate to the charged conspiracy. The government specifically states that intends to

introduce other importations not specifically listed as evidence of the conspiracy charged in the indictment."

On October 17, 2000, the Government provided formal notice of their intent to use 404(b) Evidence and stated:

> "In addition, with regard to the defendant Sean Dixon, the United States will be offering 404(b) evidence concerning Dixon's participation in a conspiracy to import narcotics with Willie Jackson and Lionel Ron Welch. This includes, but is not limited to, the smuggling of 200 kilograms of cocaine through Crowley on or about July 28, 1997. Dixon also participated in other instances of smuggling with Welch that are not able to be specified with certainty as to the exact date. This evidence will be offered to establish intent, identity, motive and lack of mistake in the instant prosecution."

The "other act" evidence are alleged additional conspiracies to import and distribute with which the Defendant has not been charged. Those conspiracies are:

1. Allegedly with different groups of individuals, than the conspiracy charged.

2. An allegation that "Booker brandished a firearm. (No explanation of this term has been given).

Defense counsel has never been provided any evidence that Booker has been arrested or convicted of any conspiracy, drug related offense or any felony for that matter.

## MEMORANDUM OF LAW

Rule 404(b) of the Fed. Rules of Evidence disallow evidence of other crimes, wrongs, or acts to prove the character of a person in order to show conformity therewith. Although this type of evidence can be admissible if: (1) the extrinsic act evidence is relevant to an issue other than Defendant's character and (2) the evidence must possess probative value that is not substantially outweighed by the danger it presents of "unfair

2

Manick, Rosenberg & Contreras LLP
Alhambra International Center • 255 Alhambra Circle • Suite 425 • Miami, Florida 33134 • Tel: (305) 529-9330 • Fax: (305) 529-9339

prejudice." *United States v. Guerrero*, 650 F.2d 728, 733 (5th Cir. 1981), *U.S. v. Dothard*, 666 F.2d 498 (11th Cir. 1982).

Additionally, before an exception to the general rule may be invoked, several prerequisites must be met: (1) there is plain, clear and convincing evidence of a prior similar offense, (2) the prior offense is not too remote in time, (3) intent is a material issue in the instant case and (4) there is substantial need for the probative value of the evidence. *United States v. San Martin*, 505 F.2d 918, (5th Cir. 1974), *United States v. Taglione*, 546 F.2d 194 (5th Cir. 1977). In this case, there is no substantial need for this evidence. The Defendant is charged in a 14 count indictment, 12 counts of which are substantive. The Government could have added an additional 1 to 3 substantive counts, but decided not to.

Allowing the Government to present this evidence, forces the Defendant to defend himself against allegations for which he has never been charged and are based upon the words of two convicted felons. The prejudicial effect of this evidence far outweighs any probative value, under any exception to the general rule, especially where the Government plans to introduce evidence that Booker brandished a firearm."

Respectfully submitted,
GARY I. ROSENBERG

By: _____
Florida Bar No. 348996
MANICK, ROSENBERG & CONTRERAS LLP
Alhambra International Center
255 Alhambra Circle, Suite 425
Miami, Florida 33134
Tel: (305) 529-9330
Fax: (305) 529-9339

3

Manick, Rosenberg & Contreras LLP
Alhambra International Center • 255 Alhambra Circle • Suite 425 • Miami, Florida 33134 • Tel: (305) 529-9330 • Fax: (305) 529-9339

CASE NO. 00-6047-CR-HUCK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was sent via U.S. mail/hand delivery/facsimile on this 31 day of May, 2001 to: UNITED STATES ATTORNEY'S OFFICE, Michael Dittoe, Assistant United States Attorney and all counsel of record.

By: _____
GARY I. ROSENBERG
Florida Bar No. 348996

Manick, Rosenberg & Contreras LLP
Alhambra International Center • 255 Alhambra Circle • Suite 425 • Miami, Florida 33134 • Tel: (305) 529-9330 • Fax: (305) 529-0330