

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6047-CR-HUCK

UNITED STATES OF AMERICA,  )
                           )
          Plaintiff,       )
                           )
v.                         )
                           )
JAMES BOOKER              )
                           )
          Defendant.       )
_____)

### GOVERNMENT'S RESPONSE TO MOTION FOR BAIL

I Introduction

Comes now the United States and files its Response to the Defendant Booker's Motion for Bail. The Defendant was ordered detained by Magistrate Judge Snow as a danger to the community. Defendant did not appeal this decision to the District Court in accordance with 18 U.S.C. § 3145 (b) and has now filed a pleading captioned "Motion for Bail." Nothing has changed since the initial order of the Magistrate that would indicate that the defendant no longer poses a danger to the community. Accordingly, the Defendant's motion should be denied.

II Applicable Law Concerning Pre-Trial Detention

If the defendant is convicted of the charged offenses he faces a mandatory minimum sentence of incarceration for ten years, 21 U.S.C. 841(b); consequently the law presumes that he should be detained prior to trial both as a danger to the



community and as a risk of flight. 18 U.S.C. 3142(e). Furthermore, the return of the "indictment provides the probable cause required by the statute to trigger the presumption." United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990). This presumption of pre-trial detention becomes evidence to be considered along with other evidence as indicative of risk of flight or danger to the community. Id. In order for a court to order the pre-trial detention of a defendant, the government is required to establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's presence at trial. United States v. Quartermaine, 913 F.2d at 917. The government may also independently demonstrate the need for pre-trial detention by presenting clear and convincing evidence that the defendant is a danger to the community. Id. The Eleventh Circuit, in accord with the legislative history of the pre-trial detention statute, observed that "the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'" United States v. King, 849 F.2d 485, 487 n.2 (11th Cir. 1988).[1]

---

[1] "The Committee...emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'" S. Rep. 98-2255 at p. 13 (September 25, 1984).

III The Defendant Should Be Detained

At the outset it should be recalled that the defendant has indicated a willingness to use violence in furtherance of his narcotics smuggling operation. Booker, in a recorded conversation stated that, "I could have taken everybody out in one meeting." Later in that same conversation, Booker noted that he was prepared to "eliminate the mother fuckers." These are two clear references to the Defendant's willingness to consider the use of violence in order to resolve disputes surrounding the trafficking in narcotics. This fact, in addition to the presumption of detention in this type of case, clearly warrant the continued detention of the defendant pending his re-trial in this matter which is currently set for the wee of August 27, 2001.

The gist of the defendant's position is that he should be released because the jury was not able to reach a verdict and because he has been detained for 17 months. The defendant cites no applicable legal authority for this unique proposition. The case law is well settled that substantial periods of pre-trial detention do not violate the constitution or any applicable statute. See, e.g., United States v. Tortora, 922 F.2d 880, 889 (1st Cir. 1990)(18 months of detention did not violate constitution; United States v. El-Hage, 231 F.3d 74, 79-81 (2d Cir. 2000)(30 month detention in a terrorist case did not violate

3

constitution); United States v. Infelise, 934 F.2d 103, 104-05 (7th Cir. 1991)(potential two year detention did not violate constitution). United States v. Quartermaine, 913 F.2d 910, 918 (11th Cir. 1990)(reversing trial court's decision to release defendant who had been held in pretrial detention for 8 months) Thus, the fact that defendant Booker has been detained for 17 months does not require his release.

IV Conclusion

Defendant Booker's Motion for Bail is without merit and should be denied.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

BY: /s/ Michael J. Dittoe

MICHAEL J. DITTOE
Assistant United States Attorney
Court ID #A5500209
500 E. Broward Blvd., Ste. 700
Ft. Lauderdale, FL 33394-3002
Tel: (954) 356-7392
Fax: (954) 356-7230

4

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via United States Mail on this 23rd day of July 2001 to Gary I. Rosenberg, Esq, Manick, Rosenberg, & Contreras LLP, Alhambra Circle, Suite 425, Miami, Fl. 33134.

*[signature]*

MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY

5